IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME JULIUS BROWN     *
         Plaintiff,
v.     * CIVIL ACTION NO. ELH-12-1871

UNITED STATES MARSHAL SERVICE
and PAUL RIVERS,     *
         Defendants.
                             ***

## MEMORANDUM

On June 18, 2012, Jerome Julius Brown, a detainee at the Fairfax County Adult Detention Center, in Fairfax, Virginia, filed a complaint seeking $80,000.00 in damages against the United States Marshal Service and Paul Rivers. The complaint is accompanied by an attachment related to a warrant of arrest for extradition filed on March 30, 2012, involving a flight from justice from Maryland on theft charges in Prince George's County (ECF No. 1). The Complaint itself is completely indecipherable, consisting of numerous repetitive, disjoined, and nonsensical sentences. Because Brown appears indigent, his motion for leave to proceed *in forma pauperis* shall be granted.

Plaintiff has filed more than 100 cases with the Court and is subject to pre-filing restrictions under *In re: Jerome J. Brown*, Misc. No. 04-465 (D. Md.).[1] His previous actions in the Court generally consist of rambling memoranda and indecipherable attachments.

Although self- represented submissions are to be generously construed, a federal court does not act as an advocate for a *pro se* claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43

---

[1] The miscellaneous standing order prohibits Brown from entering the Northern and Southern Divisions of the Court, limits him to one active case at a time, restricts the manner in which Brown may file papers with the Court, and directs how the Clerk is to handle/return the papers.

(4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Federal courts are not required to conjure up questions never squarely presented to them. *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). Further, a pleading that sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). To be sure, a complaint need not contain detailed allegations. But, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *See Erickson v. Pardus*, 551 U.S. 89, 92 (2007).

This Court has unsuccessfully attempted to determine the nature of plaintiff's claims from a generous construction of the papers. At one point Brown cites to a civil rights action and at another juncture refers to the Freedom of Information Act. But, colorable claims cannot be fashioned from this nonsensical filing. Given the materials presented before this Court and plaintiff's litigation history, his complaint shall be summarily dismissed without requiring amendment/supplementation or the issuance of summons as to defendants. A separate Order follows.

Date: June 28, 2012.   /s/
                        Ellen L. Hollander
                        United States District Judge